# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAL ALGIERI,**

                **Plaintiff,**

**-vs-**                                         **Case No. 6:08-cv-1276-Orl-28KRS**

**THOMAS VANASKI, Judge,**

                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **August 7, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    Plaintiff Sal Algieri, a resident of Pennsylvania, brings this action *pro se* against Judge Thomas Vanski [sic] for allegedly violating his constitutional and civil rights. Doc. No. 1. The Court takes judicial notice that Judge Vanaskie is a United States District Judge, sitting in the United States District Court for the Middle District of Pennsylvania. Presently before the Court is Algieri's motion to proceed *in forma pauperis*. Doc. No. 2.

**I.	STANDARD OF REVIEW.**

Under 28 U.S.C. § 1915(e), the Court is required to consider whether Algieri's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J.,concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)to dismissals for failure to state a claim on which relief may be granted under section1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490.  Under this standard, a complaint must contain a short and plain statement of facts showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

**II.	ANALYSIS.**

Initially, Algieri's motion to proceed *in forma pauperis* is defective because it fails to provide an affidavit regarding his financial condition.  Only persons who submit affidavits showing that they are unable to pay the filing fee may proceed *in forma pauperis*.  See 28 U.S.C. § 1915(a); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  The fact that other courts at different times granted Algieri *in forma pauperis* status does not show that he presently qualifies.

Second, Algieri's case is based on the allegation that Judge Vanaskie caused United States Marshals to go to his home in Port Orange, Florida to tell Algieri not to write negative things about Judge Vanaskie in "Spectacular Sports." Doc. No. 1. These allegations are essentially the same as those contained in another pending case in this Court. *See Algieri v. Vanaski*, Case No. 6:08-cv-766-31GJK, Doc. No.1 (alleging that Judge Vanaskie sent U.S. Marshals to his home in Port Orange, Florida and that he has tried to stop Plaintiff from writing about him). The Court has the authority to conserve judicial resources by dismissing duplicative litigation if the parties, issues and available relief do not significantly differ between the two actions. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). To the extent the instant case contains any claims not asserted in the other pending case, Algieri's proper course of action is to move to amend his complaint in the other case and not to file an entirely new lawsuit.

Finally, the complaint fails to set forth any facts that would establish this Court's *in personam* jurisdiction over Judge Vanaskie. Absent a showing of sufficient contacts with Florida, this Court lacks personal jurisdiction over Judge Vanaskie. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (plaintiff has the burden "to plead sufficient material facts to establish the basis for exercise of" personal jurisdiction).

Accordingly, Algieri's complaint should be dismissed. Because the earlier lawsuit remains pending, there is no need to provide Algieri leave to file an amended complaint in the present case.

### IV. RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that the Court do the following:

1. **DISMISS** the complaint;

2. **DENY** the pending motion to proceed *in forma pauperis*, doc. no. 2;

    3.    **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 13, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy